By the Court.—Sedgwick, J.
The action was upon contract. The complaint alleged that the plaintiff deposited with the defendant, from time to time, sums *466 of money, amounting together to more than one hundred thousand dollars ; that defendant promised plaintiff to pay the said money on demand to the plaintiff or to his order, in writing; that the defendant had paid to the plaintiff or his order all the said money excepting $3,146; that the plaintiff, by order in writing, had demanded of the defendant the amount last named, but the defendant had refused to pay any part of the same.
The answer admitted the deposit with the defendant, the promise of the defendant as stated in the complaint, and the demand upon defendant.
There was a stipulation made by the parties, read. upon the trial, that the plaintiff was entitled to recover the amount claimed, unless the defendant “shall be able upon the trial to establish one or more of the affirmative defenses pleaded in the answer, and by the legal operation of such affirmative defenses to defeat or lessen the recovery; and in attempting to prove any of the said affirmative defenses the defendant shall be confined to due proof of legal payment to the plaintiff,” or his written order, of twelve checks amounting to the sum claimed, which the defendant had paid and charged to the plaintiffs’ account. These checks were drawn to the order of W. M. Johnson, excepting one which had been drawn to the order of J. D. Johnson and then indorsed to the order of W. hi. Johnson.
The proof showed that a clerk of plaintiff had drawn these checks and presented them to plaintiff to be signed as for amounts which the plaintiff owed W. ÍT. Johnson. W. 1ST. Johnson was in the practice of consigning butter to the plaintiff to be sold. The clerk took the checks after they were signed. The name of W. 1ST. Johnson was forged upon them as indorser. The checks were then delivered to other parties, who indorsed them, and they were paid by defendants through the clearing-house.
As the stipulation confined the defendant to due *467 proof of legal payment to the plaintiff, or lib written order, of the amount of the checks, the plaintiff was entitled to recover upon the single fact that W. hi. Johnson’ s name was forged. Beyond doubt, under the admission by the defendant of the obligation to pay to the order of plaintiff, it was not a legal payment. There was no pretense that the plaintiff took part in the forgery. Even if there were negligence on his part (there was in fact none), he had a right to rely on defendant’s undertaking to pay to his order. If he did nothing to induce the defendant to pay upon the forgery, part of his rightful advantage was that though he was negligent, the defendants had contracted, that they would do that, which would prevent injury to him from his negligence.
It may be proper, however, to look through the defenses to see if there were any evidence in the case which called upon the court to send any defense to the jury.
The first defense was that the whole of the moneys deposited had been paid upon checks drawn by plaintiff, in fulfillment of the agreement stated in the complaint. This was certainly disproved, when it appeared that the checks required the defendant to pay their amounts to the order of W. IN". Johnson, and the defendants had paid them without that order.
The next defense was that the checks were drawn to the order of a fictitious person, and that the plaintiff deb'vered them to his clerk who indorsed them in the name of the fictitious payee. The proof was conclusive that the payee, W. IN". Johnson, was a real and not a fictitious person. In one instance the payee was J. D. Johnson. He was a book-keeper of the plaintiff, as I read the testimony of the latter. Before the plaintiff signed the last mentioned check, J. D. Johnson had indorsed it to the order of W. M. Johnson. This defense, therefore, had no evidence to support it.
*468 The next defense was, that after all the money deposited with defendant had been paid upon checks signed by the plaintiff, they stated “accounts between each other, which said accounts so stated showed that the said money had been paid out by this defendant upon such checks, which said checks were from time to time returned to and received by the plaintiff, and thereafter plaintiff assented to, ratified and confirmed such payment of said money.” The only statement of account between the parties was such as consisted of entries made by the defendant, in the plaintiff’s passbook, charging Mm with the payment of the amounts of the checks, which were sent to the plaintiff with the book, corresponding balances being stated in the book.
The checks, with the forged indorsements, were among the checks returned. There was no other ratification of the payment, than the plaintiff not discovering the forgery, for some time, at the longest two years, and not making any claim upon defendant, until the discovery. Of course, whatever was the legal force of the retaining of the book ,by the plaintiff under the circumstances, whether it had only the effect of an admission, or was a technical account stated, the plaintiff had the right to show what errors or mistakes affected the result. The appellant’s counsel urges, that the plaintiff should have pleaded the alleged errors in the complaint or by a reply. He was not called upon to open the account in the complaint (if there were an account stated), because his action was upon the contract set out, and the merit of the defense in its legal nature consisted of its showing a satisfaction of defendant’s obligation under the contract. The defense was affirmative in its character and the plaintiff was not called on to meet it, until it had been pleaded. Of course, under the Code, he was not required to controvert the defense by a reply.
*469 The next defense was, that after the defendant had paid the moneys as the answer had stated, and after the plaintiff had discovered the forgery, he “delayed and failed to take the necessary steps to protect the parties to this action, and acted in collusion with said book-keeper or confidential clerk, both in the drawing, indorsement, delivery and payment of said checks, and ratified, adopted, and confirmed such payment, and authorized said indorsements and payments thereof.” There was no evidence to support this defense."
The last defense was, that the plaintiff “so negligently and unskillfully signed said check and permitted said indorsements so to be made, and entrusted the same to his book-keeper or confidential clerk, and thereby gave him credit, and said checks were paid by this defendant in the usual course of business to this defendant’s damage, to the amount of said sum, with the interest thereon, as stated in the complaint.” The considerations pertinent to this defense, relate to the fact, that when the clerk presented the checks for signing, as being drawn for amounts due, the plaintiff believed the clerk, and did not look at the original entries to learn what the facts were. That is, he trusted his clerk. That trust was not negligence. Of course, handing the checks, after they were signed, to the clerk, was not negligence, nor did that give the clerk any credit with the defendants.
On the evidence in the case, and the stipulation, the judge was obliged to direct a verdict for plaintiff.
Judgment affirmed, with costs.'
Speir and Freedman, JJ., concurred.